

| | |
|---|---|
| ERIC CRUTCHFIELD,          )<br>                            )<br>         Petitioner,       )<br>V.                          )<br>                            )<br>UNITED STATES OF AMERICA,   )<br>                            )<br>         Respondent.        )<br>                            ) | Criminal No. 1:08CR56<br>Civil Action No. 1:09CV874 |

## MEMORANDUM OPINION

This case is before the Court on the 28 U.S.C. § 2255 Motion filed by the Petitioner, Eric Crutchfield (Crutchfield).

On February 7, 2008, Crutchfield was indicted on two counts: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and (2) possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Crutchfield pleaded guilty to Count 1 of the Indictment, and the Government's Motion To Dismiss Count 2 was granted on April 9, 2008. The factual basis for that guilty plea was set forth in the Statement of Facts filed on April 9, 2008, which was signed by Assistant United States Attorney Jonathan Fahey, counsel for the Petitioner Shannon Quill, and Crutchfield himself.

The Statement of Facts signed by Crutchfield stated in relevant part that prior to December 8, 2007, Crutchfield had been convicted of three "violent felonies," as defined in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. On or about December 8,2007, Crutchfield traveled in possession of a firearm to Fairfax County, Virginia, where he knowingly and intentionally shot a person known to him two times with that firearm. As a result of this shooting, the victim suffered severe, life-threatening injuries. The firearm used in the shooting, as admitted by Crutchfield in the signed Statement of Facts, had been manufactured outside the Commonwealth of Virginia, thereby affecting interstate commerce by traveling to Virginia. Crutchfield's commission of this offense was done willfully and knowingly and with the specific intent to violate the law, and not by accident, mistake, inadvertence, or other innocent reason.

Todd Richman from the Office of the Federal Public Defender entered his appearance as Crutchfield's counsel on June 13, 2008. As noted above, Shannon Quill, also from the Office of the Federal Public Defender, had previously been Crutchfield's counsel. After the Government's and Crutchfield's Sentencing Memoranda were filed, defense counsel Todd Richman filed a Motion To Withdraw As Attorney on June 26, 2008, due to a conflict his office had with another client. This Court granted that Motion, then on July 7, 2008 appointed William Cummings, Esquire to be Crutchfield's counsel. on

On July 25, 2008 the Court sentenced Crutchfield to 265 months incarceration, within the sentencing guidelines range of 262 to 327 months. On August 4, 2009, Crutchfield filed his Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and on September 16, 2009, Crutchfield filed an Amendment to that Motion This Court granted the Government's Motion For Extension Of Time, moving the deadline for the Government's answer to Crutchfield's Motion to October 13, 2009.

Crutchfield's Motion and Amendment are based entirely on alleged ineffective assistance of counsel. Crutchfield seems to base this allegation essentially on three grounds, spanning all three of his defense attorneys. First, Crutchfield contends that his plea-phase counsel unreasonably and prejudicially ignored his intelligence quotient (IQ) of as low as 70, which, Crutchfield asserts, made him incompetent to plead guilty. Second, Crutchfield argues that his sentencing-phase counsel unreasonably and prejudicially failed to seek a diminished capacity downward departure at sentencing on the basis of this alleged low IQ. Third, Crutchfield contends that his plea-phase counsel unreasonably and prejudicially advised him to plead guilty while knowing that without tracing the firearm, proof of the firearm's manufacturer would benefit the client's defense in that the interstate commerce element of the offense might not have been satisfied. All three of these grounds lack any factual or legal

basis, and therefore cannot meet the high burden of proving ineffective assistance of counsel under the Sixth Amendment and 28 U.S.C. § 2255.

The Sixth Amendment provides, in relevant part, that: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. Amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 688, 686 (1984). The Supreme Court employs a "highly deferential" standard for assessing ineffective-assistance-of-counsel claims, requiring demonstration of inadequate performance and actual prejudice, both of which must be established in order to demonstrate ineffective assistance of counsel. See Strickland, 466 U.S. at 686, 700; Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). To establish a claim for ineffective assistance of counsel, therefore, the following must be established: (1) that the conduct of the defendant's attorney fell below an objective standard of reasonableness (requiring an evaluation of the attorney's performance from his perspective at the time of the alleged error and in light of all the circumstances); and (2) that the attorney's deficient performance caused the defendant actual prejudice. See Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." See id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." See id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89); accord Strickland, 466 U.S. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997); Hurdle, 2007 U.S. Dist. Lexis 37709, at *9-10 (quoting Kratsas). In assessing whether a defendant has overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." See Strickland, 466 U.S. at 689. Most importantly, the burden of proof lies with the defendant. See Allgood, 48 F. Supp. 2d at 558. A defendant's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome would have been different in the absence of his counsel's alleged errors. See Hurdle, 2007 U.S. Dist. Lexis 37709, at 10.

Crutchfield is moving to vacate or amend his sentence based on the argument that all three of his attorneys - Shannon Quill, Todd

Richman, and William Cummings - failed to provide him with the effective assistance of counsel required under the Sixth Amendment of the United States Constitution. Crutchfield's first two grounds for this argument are based on his assertion that his IQ was so low that he was incompetent to plead guilty or would have qualified for a diminished capacity downward departure at sentencing, and that his lawyers unreasonably and prejudicially failed to employ such strategies. Crutchfield's remaining ground for his ineffective assistance of counsel argument is that his plea-phase counsel unreasonably an prejudicially failed to challenge whether the firearm he used in the shooting did not travel in or affect interstate commerce.

Crutchfield asserts that he has an IQ of 70, and that such a low IQ (1) made him incompetent to knowingly and voluntarily enter a guilty plea to Count 1 and (2) could have qualified him for a diminished capacity downward departure under Section 5K2.13 of the United States Sentencing Guidelines. In light of Crutchfield's high burden of proving both unreasonableness and prejudice, and his need to offer more than mere conclusory statements, both of these arguments necessarily fail.

It is one thing to argue that an IQ of 70 alone renders a defendant incompetent or otherwise unable to plead guilty to a non-capital offense, or that it qualifies a defendant for a diminished capacity downward departure; it is another thing entirely to argue

that counsel's failure to pursue these questionable strategies was unreasonable or prejudicial to the defendant's case under Strickland. Simply stated, Crutchfield's cited cases of Burt v. Uchtman, 422 F.3d 557 (7th Cir. 2005), a capital case involving a defendant under heavy medication and exhibiting extreme mood swings, and Shafer v. Bowersox, 329 F.3d 637 (8th Cir. 2003), another capital case involving a plea colloquy that was clearly inadequate for a capital offense, are completely unlike Crutchfield's mere claim of low IQ in a non-capital case. Here, the Court and the parties were fully aware of Crutchfield's low IQ, as reflected in the "Mental and Emotional Health" section of the Presentence Report (PSR). In fact, defense counsel Todd Richman even noted Crutchfield's low IQ in his June 24, 2008 Sentencing Memorandum, while also observing that "Crutchfield is capable of making good decisions." Nowhere does the PSR state that any mental examination showed that Crutchfield was unable to differentiate right from wrong, or to control his actions, or to understand the court proceedings in which he participated.

Indeed, Crutchfield offers no discernible legal or logical rationale for the conclusion that a low IQ alone deprived him of the ability to knowingly and voluntarily plead guilty to a noncapital offense, much less that his counsel acted unreasonably and prejudicially harmed Crutchfield's case in failing to make such an argument. See Strickland, 466 U.S. at 700 ("Failure to make the

required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). Similarly, Crutchfield provides no legal basis for applying the diminished capacity downward departure to an alleged IQ of 70, where this downward departure applies only to defendants who have a significantly impaired mental ability to understand the wrongfulness of their offenses or to control behavior that they know is wrongful. See U.S.S.G. § 5K2.13, Application Note 1. If this downward departure is facially inapposite to low intelligence alone, certainly a defense attorney's failure to invoke it at sentencing cannot possibly be considered unreasonable or prejudicial to the outcome of the defendant's case. Accordingly, both prongs of Crutchfield's IQ argument lack merit and should be rejected.

The final basis of Crutchfield's argument of ineffective assistance of counsel, like the other grounds for his Motion, amounts to nothing more than conclusory assertion. Crutchfield states simply that his counsel looked at the government's Plea Agreement, knowing that without tracing the firearm, proof of the firearm's manufacturer would benefit the client's defense. However, Crutchfield never directly asserts that the firearm was not in fact "manufactured outside of the Commonwealth of Virginia," as stated in the April 9, 2008 Statement of Facts that he signed.

Not only does Crutchfield never allege that the fact he once declared to be true is actually false, but he offers no basis even to suggest that counsel unreasonably and prejudicially failed to verify that the Government could prove this element. Thus, defense counsel's failure to contest at trial whether the firearm traveled in interstate commerce was neither unreasonable nor prejudicial to Crutchfield's case, thereby obviating the ineffective assistance of counsel claim. Strickland, 466 U.S. at 700 (court need not address unreasonableness of counsel's behavior if its prejudicial effect cannot be shown, and vice-versa). Crutchfield's conclusory statements, lacking the most elemental factual assertions to support them, do not overcome the significant burden of showing ineffective assistance of counsel.

In the absence of any assertion from Crutchfield that he mistakenly or unknowingly signed the stipulation that the firearm he possessed was manufactured outside of Virginia, the Statement of Facts must be presumed to be true and Crutchfield's high burden of proof considered unmet. Crutchfield's current self-serving suggestions to the contrary are as insufficient as his other claims of ineffective assistance of counsel in overcoming the presumption that counsel behaved reasonably and competently. Strickland, 466 U.S. at 689-90. All of Crutchfield's allegations of ineffective assistance of counsel are baseless and conclusory, and should be rejected.

"A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [that individual] to relief." United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293, 312 (1963)) (evaluating § 2255 motion). With respect to Crutchfield's claims, an evidentiary hearing is not required because the record before the Court, along with the Court's recollection of the case, are adequate to dispose of the allegations. See Hill v. United States, 368 U.S. at 428 (citation omitted). Cf. Sanders, 373 U.S. at 19; Machibroda, 368 U.S. at 495; Brown, 546 F. Supp. 2d at 314 (citing Sanders and Machibroda). Crutchfield has failed to offer any substantive evidence or arguments in support of his allegations. In the face of such defects, Crutchfield cannot shoulder his burden of proof with mere conclusory declarations and unsubstantiated inferences. Crutchfield's claims are therefore "palpably incredible" and "patently frivolous or false," and may be summarily dismissed on whole. See Lemaster, 403 F.3d at 221 (citations omitted).

For the foregoing reasons, Crutchfield's motion pursuant to 28 U.S.C. § 2255 should be denied.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
March *10*, 2010