IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ERIC DONNELL CRUTCHFIELD, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Criminal Case No. 1:08CR56 <br> Civil Action No. 1:16CV656 |

**<u>MEMORANDUM OPINION</u>**

This case is before the Court on Eric Crutfields's (the "Petitioner") Motion To Vacate, Set Aside And/Or Correct His Sentence pursuant to 28 U.S.C. § 2255 seeking relief from his sentence under the Armed Career Criminal Act ("ACCA") in light of the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

On February 7, 2008, the Petitioner was indicted on one count of felon in possession of a firearm, 18 U.S.C. 922(g)(1), and one count of unlawful drug user in possession of a firearm, 18 U.S.C. 922(g)(3). On April 9, 2008, the Petitioner pleaded guilty to the felon in possession of a firearm count, and in exchange the Government dismissed the unlawful drug user in possession of a firearm count.

The joint Statement of Facts stipulated that, on or about December 8, 2007, the Petitioner traveled, in possession of a firearm, within the Eastern District of Virginia. While in Fairfax County, he knowingly and intentionally shot a known individual two times with the firearm. One of the bullets struck the victim in the chest and the other bullet struck the victim in the shoulder, causing the victim to have serious and life threatening injuries.

As described in the Government's Position On Sentencing, the Petitioner's ex-girlfriend (hereinafter "NK") was the mother of Petitioner's two-year-old son. On the day of the offense, Crutchfield had several verbal altercations over the telephone with NK and her new boyfriend. That evening, the Petitioner traveled to the Fairfax home NK lived with Petitioner's son. Before approaching the home, Petitioner called the home and confirmed that NK's new boyfriend was inside the house. Immediately thereafter, Petitioner rang the doorbell and, as the boyfriend opened the door, the Petitioner opened fire on him, shooting him in the chest and shoulder. Several additional shots fired by the Petitioner entered the home, which was occupied by several people, including his two-year-old son. The Petitioner fled the scene while the victim was transported to the hospital.

The Plea Agreement included a joint stipulation and recommendation to the Court that Petitioner was an "Armed Career Criminal" within the meaning of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. Specifically, the parties stipulated that the Petitioner had previously been convicted of three "violent felonies" as that term is defined in ACCA, 18 U.S.C § 924(e)(2)(B).  The parties agreed that the maximum penalty for the offense was life imprisonment, and that the mandatory minimum term of imprisonment was fifteen (15) years.  A description of the Petitioner's three prior felonies follows.

On September 23, 1998, the Petitioner and three other individuals entered a video store in Washington, D.C., took out shotguns, and ordered the employees and customers to lie on the floor.  The robbers placed weapons on the heads of the employees and customers and ordered them to empty their pockets. Three victims were struck in the head with a shotgun. One victim required medical attention.  The robbers stole approximately $3,000.

The Petitioner was later identified in a photo array and was arrested.  He gave a detailed written confession describing the offense and admitting his involvement in both the planning and execution of the robbery.

On March 23, 2001, the Petitioner was convicted of two counts of D.C. Armed Robbery in violation of D.C. Code Section 22-2801 and Section 22-4502.

On January 12, 1999, the Petitioner and two other defendants were involved in a drug-related robbery and double murder inside an apartment at 933 N Street, NW in Washington, D.C. The Petitioner and two other defendants went to the apartment to confront or rob drug suppliers. Once at the apartment, the two other defendants shot and killed two victims. Petitioner then seized a supply of marijuana from the apartment and fled with the co-defendants to the Sursum Corda neighborhood of D.C., where Crutchfield divided the drugs among the other participants.

Several witnesses identified the Petitioner as one of the participants. Petitioner was arrested and gave a video confession of his involvement.

On March 23, 2001, the Petitioner was convicted of one count of D.C. Robbery in violation of D.C. Code Section 22-2801, and one count of Accessory After the Fact to Felony Murder.

According to charging documents, on August 2, 1999, in Arlington County, Virginia, Petitioner "maliciously wounded, or caused bodily injury to [an individual with the initials SK], with the intent to maim, disfigure, disable or kill." Additional details about this offense are unknown.

4

On November 23, 1999, the Petitioner was convicted of Malicious Wounding in violation of Virginia Code Section 18.2-51.

In addition to his felony convictions, the Petitioner has multiple arrests and convictions for domestic violence. On April 8, 2002, Petitioner was arrested for striking his then-girlfriend with a closed fist in a parking garage at the National Institutes of Health. The victim stated that Petitioner told her he had a knife. The Petitioner was convicted in the United States District Court for the District of Maryland of a misdemeanor arising out of the assault.

On June 17, 2004, the Petitioner was arrested and charged with domestic violence in Virginia. The charge was later *nolle prossed*.

On March 12, 2006, the Petitioner was arrested and charged with assault on NK, the same person whose boyfriend was shot during the instant offense. The charge was later *nolle prossed*.

On August 20, 2006, the Petitioner was arrested and later convicted for misdemeanor Assault and Battery on a family member in violation of Virginia Code Section 18.2-57.2. The victim was NK. Petitioner was released from custody on March 2, 2007.

On May 1, 2007, the Petitioner was again arrested for domestic assault on NK. When police responded they notice a red circular mark on NK's chest. Petitioner was convicted on June

5

14, 2007, of misdemeanor Assault and Battery on a family member in violation of Virginia Code Section 18.2-57.2.

The Pre-Sentence Investigation Report (PSIR) assigned the Petitioner an offense level of 37 and a criminal history category of VI, with a guideline range of 262 to 327 months. The Court imposed a sentence of 265 months of imprisonment and five years of supervised release.

The Petitioner previously filed an unsuccessful Motion pursuant to 28 U.S.C. § 2255. On June 13, 2016, the Fourth Circuit granted Petitioner's Motion for authorization to file a successive Section 2255 habeas application, and the Petitioner timely filed this instant Motion the same day. On June 28, 2016 the Court ordered the Government to respond.

The Petitioner pleaded guilty to the charge of felon in possession of a firearm. 18 U.S.C. § 922(g)(1). In the Plea Agreement, the Government and Petitioner stipulated that Petitioner was an "armed career criminal" and that Petitioner's three prior felony convictions each met the statutory definition of "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). As an armed career criminal in possession of a firearm, the Petitioner was subject to a minimum prison term of fifteen (15) years up to life imprisonment. Without the ACCA enhancement, Petitioner's maximum sentence of imprisonment would have been ten years.

6


18 U.S.C. § 924(a)(2).

A "violent felony" is defined in the ACCA as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated felonies clause"], or otherwise involves conduct that present a serious potential risk of physical injury to another [the "residual clause"]. 18 U.S.C. § 924(e)(2)(B). In Johnson v. United States, the Supreme Court held that the residual clause of ACCA's definition of violent felony was unconstitutionally vague. 135 S.Ct. 2551, 2557 (2015).

In light of Johnson, the Government concedes that one of Petitioner's prior felony convictions, his 2001 conviction for D.C. Robbery, does not satisfy the ACCA definition of "violent felony." See, e.g., United States v. Mobley, 40 F.3d 688, 694-95 (4th Cir. 1994); United States v. Mathis, 963 F.2d 399 (D.C. Cir. 1992).

Because Petitioner's 265-month term of imprisonment exceeds the ten-year maximum applicable to felon in possession of a firearm convictions without an ACCA enhancement, the Petitioner must be resentenced to no more than ten years of imprisonment, 18 U.S.C. § 924(a)(2), and not more than three years of supervised release, 18 U.S.C. § 3583(b)(2).

For the foregoing reasons, the Petitioner's motion under Section 2255 should be granted. An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 22, 2016